IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                                  ORDER

                v.                                      05-CR-131-C-01

TRAVIS J. DOBSON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Travis J. Dobson's supervised release was held on November 18, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Laura A. Przybylinski Finn. Defendant was present in person and by counsel, Mark A. Eisenberg. Also present was Senior United States Probation Officer Helen Healy Raatz.

      From the parties' stipulation that defendant will not admit the alleged supervised release violations but will not contest the government's ability to prove those violations and from the record, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on February 3, 2006, following his conviction for distribution of a mixture or substance containing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 34 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on April 25, 2008. On October 5, 2009, he was arrested for trafficking marijuana after being found in possession of a $26,000 payment for marijuana previously fronted to him. The trafficking violated a mandatory condition prohibiting him from committing another federal, state or local crime. On October 3, 2009, defendant violated Standard Condition No. 1, which prohibited him from leaving the judicial district without the permission of the court or probation officer when he was found in Minnesota without permission.

Defendant's most serious conduct falls into the category of a Grade A violation. Section 7B1.3(a)(1) of the advisory guidelines requires revocation of supervision upon a finding of a Grade A violation. 18 U.S.C § 3583(g)(1) requires revocation of the term of supervised release if the court finds the defendant illegally possessed a controlled substance.

## CONCLUSIONS

Defendant's possession of a controlled substance requires revocation. The 36-month

term of supervised release imposed on defendant on February 3, 2006, will be revoked.

Defendant's criminal history category is I. With a Grade A violation, defendant has an advisory guideline range of 12 to 18 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which he was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, as well as the parties' agreed recommendation, I have selected a sentence at the midpoint of the guideline range. The intent of this sentence is to take into account defendant's prior drug trafficking conviction and his current drug trafficking activities and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on February 3, 2006, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 15 months, with a term of supervised release of 12 months to follow. All conditions of supervised release imposed previously shall remain in effect. Defendant is to be registered with local law enforcement agencies and the state attorney

general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 10th day of December, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge